# IN THE UNITED STATES DISCTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

FILED

2013 SEP -3 A 11: 38

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Erik B. Cherdak<br>600 Cameron Street<br>Alexandria, Va. 22314<br><br>*Plaintiff, Pro Se,*<br><br>v.<br><br>KoKo FitClub, LLC<br>(A Delaware Business Entity)<br>300 Ledgewood Place, Suite 200<br>Rockland, Mass. 02370<br><br>-and-<br><br>KoKo Fitness, Inc.<br>(A Delaware Corporation)<br>300 Ledgewood Place, Suite 200<br>Rockland, Mass. 02370<br><br>*Defendants.* | Case No. 2:13CV482-HCM<br><br>**PLAINTIFF'S<br>COMPLAINT FOR<br>PATENT INFRINGEMENT &<br>COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT
FOR PATENT INFRINGEMENT AND COPYRIGHT INFRINGEMENT**

Plaintiff Erik B. Cherdak (hereinafter "Plaintiff" or "Cherdak"), *Pro Se*, and in and for his Complaint against the above-named Defendants, states as follows:

**THE PARTIES TO THIS ACTION**

1. Plaintiff is an individual having a principal place of business at the address listed in the caption of this Complaint. Plaintiff is the sole owner, sole proprietor and sole copyright claimant of all right, title and interest in and to certain copyrights (and federal registration documentation related to the same) referred to herein as the "Works." Plaintiff is the sole owner of all right,

title, and interest in and to U.S. Patent No. 8,118,709 to McKirdy et al. (hereinafter the "patent-in-suit").

2. On information and belief, Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant, KoKo FitClub, LLC is a Delaware limited liability company having a principle place of business as specified in the caption of this Complaint. On further information and belief, Plaintiff is informed and believes, and based thereon alleges, that Defendant KoKo FitClub, LLC is a seller of health-club franchises to third-parties not yet named in this action. And, on still further information and belief, Defendant KoKo FitClub, LLC has sold at least six (6) KoKo FitClub franchises to third parties not yet named in this action and against which Plaintiff has not yet pled, but which such franchises are located in this Judicial District of the Commonwealth of Virginia, USA. One such KoKo FitClub franchise and personal training facility is located within close proximity to this Honorable Court in Herndon, Virginia at 2357 John Milton Drive, Herndon, Va. 21701. Defendant KoKo FitClub, LLC regularly does business in this Judicial District of the Commonwealth of Virginia.

3. On information and belief, Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant, KoKo Fitness, Inc. is a Delaware corporation having a principle place of business as specified in the caption of this Complaint. On further information and belief, Defendant KoKo Fitness, Inc. is a manufacturer and seller of technology devices and systems used with cardio exercise machine installations within KoKo FitClub personal training facilities such as within the KoKo FitClub located in Herndon, Va. as specified in paragraph 2, *supra*.

4. Together, Defendant KoKo FitClub, LLC ("KOKOFITCLUB") and Defendant KoKo Fitness, Inc. ("KOKOFITNESS") are referred to herein as the "Defendants."

## JURISDICTION AND VENUE

5.  This is an action involving Plaintiff's claim of Patent Infringement under the Laws and precedent of and within the United States of America and, in particular, under Title 35 of the United States Code (Patents – 35 USC § 1, *et seq.*). Accordingly, jurisdiction and venue are properly based in accordance with Sections 1338(a), 1391(b) and (c), and/or 1400(b) of Title 28 of the United States Code. Defendants, alone and in concert with each other, manufacture, sell, use, and induce others to use devices and systems that infringe Plaintiff's U.S. Patent No. 8,118,709 as specified within the Factual Allegations and Count I stated *infra* in this Complaint.

6.  This also is an action involving Plaintiff's claim of Copyright Infringement under the Laws and precedent of and within the United States of America and, in particular, under Title 17 of the United States Code (Copyrights – 17 USC § 101, *et seq.*). Accordingly, Jurisdiction and Venue are properly based in accordance with Sections 1338(a), 1391(b) and (c), and/or 1400(a) of Title 28 of the United States Code. On information and belief, Defendant prepares and sells unauthorized, illegal copies and/or derivations of the Works as specified within the Factual Allegations and Count II as stated *infra* in this Complaint.

## FACTUAL ALLEGATIONS

7.  Paragraphs 1-6 are hereby incorporated by reference as if restated in their entirety.

8.  At all times relevant herein, Plaintiff has been and continues to be the sole owner of U.S. Patent No. 8,118,709 to McKirdy et al. By way of his sole and exclusive ownership, Plaintiff has the ability to seek any and all remedies for acts of past, present and future infringement of the '709 patent. Plaintiff acquired all right, title and interest in and to the '709 patent by way of assignment. A copy of the '709 patent is attached at **Exhibit 1**.

9.  Prior to Plaintiff taking ownership of all right, title and interest in the '709, a Connecticut based company by the name of Fitistics, LLC was the owner of that patent. By way of assignment, Plaintiff acquired all rights, titles, and interests in and to the invention specified and

claimed in the '709 patent. Additionally, Plaintiff acquired all rights, titles, and interests in and to certain copyrighted works related to computer software for storing, retrieving, and encrypting exercise, workout regimen, and exercise machine data onto personal content devices like and similar to USB based memory sticks or "flash drives." Plaintiff is the sole owner by assignment of U.S. Copyright Registration Certificate Nos. TX0007689404 and TX0007597120 entitled "Computer program and incorporated routines for facilitating data communications between an exercise device and a personal content device including USB-based personal content devices." and "Computer program for ensuring secure communications of exercise machine data using a unique encryption key," respectively. Copies of the aforementioned copyright registration certificates are attached to this complaint at **Exhibits** 2 and 3.

10.   Defendants manufacture, import, sell, use, distribute and induce others to engage in such actions in direct contravention of Plaintiff's right to exclude others in accordance with his rights in U.S. Patent No. 8,118,709. By way of example, Defendants use, manufacture, sell, import and distribute products including, but not limited to, USB based docking stations, facilities and systems for use with cardio exercise machines such as exercise treadmills, etc. Such USB based docking stations are configured to be electronically connected to and be placed in signal communication with control facilities within cardio exercise machines using standardized messaging protocols and the like. Defendants franchisees further use and permit end users to facilitate exercise management, control, tracking and the like through use of such USB based docking stations.

11.   An infringement chart prepared by the Plaintiff relative to Claim 1 of the '709 patent in view of the products used, made, sold and distributed by Defendants and their franchisees throughout the United States and, in particular, in this judicial district of the Commonwealth of Virginia is attached to this Complaint at **Exhibit** 4.

4. Additional claims of the '709 patent that are infringed by the Defendants and/or their franchises currently include: '709: 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15. Discovery will reveal whether one, the other or both of the Defendants infringe said listed claims.

12. Defendants, either alone or in combination, sell and/or operate and/or support, company-owned and/or franchised personal work-out facilities in which exercisers can now engage in both cardio and resistance training regimens. For example, an exerciser can now engage in an automatically monitored and controlled cardio-based exercise regimen such as one involving the use of a treadmill device outfitted with a KoKo branded docking station in which a KoKo FitClub USB Key (aka a "KoKo Key") can be operatively coupled thereto.

13. In the case of cardio-based training regimens, Defendants permit club members and exercisers to install a USB based memory stick/flash drive or, as Defendants call it, a "KoKo Key" into a docking station facility that is placed into signal communication with control facilities within a cardio-based exercise machine. Through such signal communications, data stored on the KoKo Key can be transferred to the control facilities of the cardio-based exercise machine, and data about an exerciser's workout regimen (speeds measured over time, distance, heart rate, etc.) can be stored in encrypted files for later upload to a website for exerciser tracking, etc. The docking station facilities (part of what Defendants' refer to as their "SmartTrainer System") coupled to cardio-based exercise machines within a KoKo FitClub facility form the central (selling) feature of KoKo brand. The use of the KoKo Key is the central aspect of the "KoKo" business model – customized, yet automated, personal guidance throughout a person's workout regimens to facilitate club utilization, member retention, and personal success.

14. On information and belief, Defendants commercially introduced the use of the KoKo branded SmartTrainer docking facilities/station for cardio machines and the use of the KoKo

5

USB Key with such cardio-based KoKo SmartTrainer docking facilities within KoKo FitClubs sometime in 2009.

15. Prior to KoKo's commercial launch of their cardio-based KoKo branded SmartTrainer USB based docking facilities, Defendants, requested access to and received, installed, reviewed, and analyzed certain USB based docking stations from said Fitistics, LLC (hereinafter the "Fitistics Docking Station"). An image depicting a Fitistics, LLC docking station is presented in **Exhibit 5** – a printout from the Internet Archive Wayback Machine of www.fitistics.com, Copyright © 2007 Fitistics, LLC. Copies of email threads between Fitistics, LLC and Defendants' personnel (Mr. Josh Roman) demonstrating that Defendants had full and complete knowledge of and access to Plaintiff's copyrighted works and physical devices containing such works covered by the '709 patent are attached hereto at **Exhibits 6, 7**.

16. The Fitistics Docking Station includes Plaintiff's copyrighted works in form of Plaintiff's computer software. The Fitistics Docking Station is covered by and is fully specified in the '709 patent.

17. Based on Defendants access to Plaintiff's copyrighted works and to an actual implementation of a USB based docking station covered by the claims of Plaintiff's '709 patent, there can be no logical or reasonable argument that Defendants in any way independently created the KoKo branded USB based docking facilities and station. In fact, one or both of Defendants employ an individual by the name of Mr. Joshua Roman who claims to be an inventor of certain technologies that were allegedly invented after Fitistics, LLC provided Mr. Roman with working, commercially released USB based and FITISTICS branded docking stations. On information and belief, Mr. Roman is Defendants' Vice President of Products and Technology.

18. Mr. Roman is a named inventor on certain patent applications that were in fact filed in the U.S. Patent and Trademark Office after Fitistics, LLC had previously provided more than one working, commercially available USB based and Fitistics, LLC branded docking station to

Defendants. Such Fitistics, LLC branded USB based docking stations were provided by Fitistics, LLC to KoKo FitClub, upon Mr. Roman's express request for the same as submitted to Fitistics, LLC by Mr. Roman in late 2007. *See* **Exhibits** 6 and 7. The Fitistics, LLC branded USB based docking stations provided by Fitistics, LLC to Defendants utilized the CSAFE cardio machine based communication platform and protocol – thereby rendering those Fitistics, LLC branded USB based docking stations as "prior art" relative to any patent application advanced by Defendants that may be directed to interface docking stations for cardio-based exercise machines. Nonetheless, and despite Mr. Roman's express knowledge of the Fitistics, LLC and its corresponding branded products, Mr. Roman and his co-inventors did not disclose the existence of those products to the United State Patent and Trademark Office in any patent application directed USB based docking station technologies that may utilize the CSAFE protocol for use with cardio-based exercise machines. *See e.g.*, **Exhibit** 8 -- U.S. Patent No. 8,167,776 to Roman, et al. (having an effective filing date of August 12, 2008 – more than 8 months *after* Mr. Roman initially requested access to commercially available Fitistics, LLC branded USB based and CSAFE-capable docking stations for use with cardio-based exercise machines). On information and belief, Defendants did not have any sort of working, commercially available USB based docking station like or similar to the Fitistics, LLC branded docking station for use with cardio based exercise machines (e.g., machines that could operate in conjunction with a peripheral device using the CSAFE protocol) as of November, 2007.

19. In July, 2008, Mr. Roman wrote to Fitistics, LLC and acknowledged Defendants' receipt of Fitistics, LLC branded USB and CSAFE docking stations, and he further indicated that Defendants would in fact examine, use, and evaluate such docking stations. *See* **Exhibits** 6 and 7. Mr. Roman, as a technologist and co-inventor of Defendants' alleged inventions (including those presented in said KoKo '776 patent, *et al.*), certainly had access to Fitistics, LLC branded USB based docking stations, the data files produced and recorded on USB drives from such

docking stations, the copyrighted works and, in particular, the software driving operation of such docking stations before Defendants filed any patent applications related to the KoKo devices used with cardio exercise machines and before KoKo developed its own versions of such docking stations and facilities for use with cardio exercise machines. On information and belief, the docking stations and facilities implemented by Defendants with full knowledge of the Fitistics, LLC branded docking stations were not commercial viable or available until sometime in 2009. The docking stations and facilities ultimately supporte by Defendants and their many franchisees work in substantially the same way as the Fitistics, LLC branded docking stations that were, in fact, provided to Defendants in July, 2008 – Defendant's docking stations and facilities utilize CSAFE to communicate with **cardio** exercise machines just as the Fitistics, LLC docking stations do, they gather exercise regimen and cardio machine data just as the Fitistics, LLC docking stations do, and they write data files to USB Flash Drives just as the Fitistics, LLC docking stations do. Not only do Defendant's USB based docking stations and facilities literally infringe all of the claims of Plaintiff's '709 patent (*e.g.*, as shown in the infringement chart shown in **Exhibit** 4) they also infringe upon Plaintiff's copyrights in that Defendants created nothing less than unauthorized derivative works in relation to the computer software and copyrighted works contained within the Fitistics, LLC branded USB docking stations that Defendants acknowledged receiving from Fitistics, LLC in 2008. *See* **Exhibits** 6 and 7.

20.     On information and belief, and based thereon, Plaintiff alleges that one or both of the Defendants, *via* Mr. Joshua Roman, initiated business discussions with Fitistics, LLC and one or more of its employees, to license the copyrighted works and computer software implementations thereof contained within the copyrighted works. On further information and belief, Fitistics, LLC did not license what are now the Plaintiff's copyrighted works and related computer software to Defendants.

21. Defendants infringing USB docking facilities are the central selling features and market-distinguishing traits of Defendants' business model that is used to sell franchises, to attract consumers into KoKo FitClubs, and to retain such consumers over time. Without USB Docking Facilities and the features provided thereby, KoKo FitClubs offer cardio exercise machine experiences that are no different from any other gym. Through use of Plaintiff's copyrighted works and patented technologies, Defendants have been able to build a successful business model and going concern that generates millions of dollars in revenue from at least 120 franchisees who regularly utilize USB based docking stations and facilities that were not independently developed by Defendants and that directly and literally infringe Plaintiff's patent rights. Without Court intervention Defendants will continue to benefit to Plaintiff's detriment.

## COUNT I – COPYRIGHT INFRINGEMENT

22. Plaintiff incorporates by reference all the allegations of paragraphs 1 through 21, inclusive.

23. Plaintiff has complied in all applicable respects with the U.S. Copyright Act at 17 U.S.C. § 101 *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of the Works. Plaintiff is the sole proprietor of all rights, title, and interest in and to the copyrights in the respective Works as referenced herein. Plaintiff acquired all right, title and interest in the Works and all copyrights related thereto by way of a written instrument and Assignment Agreement entered into between Fitistics, LLC and Plaintiff. Under that Assignment Agreement, Plaintiff expressly acquired all rights related to the Works including, but not limited to, all those rights protected by the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.* and in and to all claims that could be raised as the owner of those rights (property rights and otherwise) also including, but not limited to, the expressly stated rights related to Plaintiff brining and prosecuting all claims and causes of action in connection with past, present and future acts of copyright infringement and/or otherwise with regard to the Works. Said Assignment Agreement

simultaneously unified in Plaintiff all and both of the property and other rights generally and specifically available to a copyright owner including, but not limited to, the right to pursue damages for past acts and accrued claims for copyright infringement under The U.S. Copyright Act, § 101 *et seq.* Plaintiff is the owner by assignment of all rights related to the Works including the right to pursue actions for accrued claims as expressly provided for in said Assignment Agreement.

24. Plaintiff's rights in and to the Works and the copyrights thereto cover the Works and the computer software and incorporated routines, data structure designs and implementation, and arrangements and compilations of data, controls, and instructions contained therein.

25. Defendant has had substantial access to the Works and, to the present day, continues to make unauthorized copies and/or derivations of the Works in violation of The U.S. Copyright Act, 17 USC § 101, *et seq.*

26. Defendants' conduct violates the exclusive rights belonging to Plaintiff as the owner of the copyrights in the Works including, without limitation, Plaintiff's rights under 17 U.S.C. § 106. Defendant has no rights under law, contract or by way of any other legal or equitable mechanism to copy, to distribute, or to make derivative works relative to the Works.

27. On information and belief, Plaintiff alleges that, as a direct and proximate result of Defendant's wrongful conduct, Defendant has illegally realized and continues to illegally realize profits and other benefits under law that rightfully belong to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

28. Defendants' infringing conduct also has caused and is causing substantial and irreparable injury and damage to Plaintiffs in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

29. On information and belief, Defendant has willfully engaged in, and is willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the

rights now belonging to Plaintiff. Defendant's conduct is nothing less than willful copyright infringement.

30. Without Court intervention, Defendants (and their franchisees) will continue to willfully infringe the copyrights of the Plaintiff and Plaintiff will suffer both damages and further irreparable harm to his valuable copyrights. Defendant's acts are so violative of law and contrary to justice that they materially inhibit Plaintiff's ability to fully enjoy the rights in the Works guaranteed by the U.S. Copyright Act such as through licensure, commercial exploitation, transfer and otherwise.

31. Plaintiff's right in and to the Works as protected by the U.S. Copyright Act, 17 USC § 101 *et seq.*, have and continue to be violated by Defendant's willful actions to reap where it has not sowed. Defendant's actions and willful copyright infringement are the direct and proximate cause of Plaintiff's actual injuries and damages. As a result, Defendant has profited in a unjust way, and Plaintiff is therefore entitled to no less than his actual damages and all the profits of the Defendant in connection with all of its unauthorized copying and other violations of 17 USC § 106 (e.g., the unauthorized making of derivative works, etc.). On information and belief, Defendants have unjustly profited by millions of dollars by engaging in willful copyright infringement to the detriment of the Plaintiff. For all such relief in connection with Defendant's willful and egregious acts of copyright infringement, Plaintiff prays for remedies below.

## COUNT II – PATENT INFRINGEMENT

32. Plaintiff incorporates by reference all the allegations of paragraphs 1 through 31, inclusive.

33. Given the validity and enforceability of the '709 patent-in-suit against past, present, and future infringing acts and other activities prohibited under the U.S. Patent Act (35 USC § 1, *et seq.*), Plaintiff, *inter alia,* possesses the right to pursue claims against Defendants for their past, present, and future design, use, manufacture, importation, sale, offer for sale, and distribution of

infringing products under 35 USC § 271(a) (direct infringement), (b) (induced infringement), and (c) (contributory infringement). Defendants have infringed, contributed to the infringement of, and/or induced the infringement of the patents-in-suit in violation of 35 USC § 271(a), (b), and/or (c) by their design, use, manufacture, importation, distribution, sale, and offer for sale of products currently sold under the under KOKO FITCLUB, KOKO SMART TRAINER (for cardio machines), KOKO KEY and, possibly, additional trademarks, service marks, and other trade identifiers. An exemplary infringement chart related to Defendants' infringing products used, sold, marketed, distributed and/or licensed to Defendants' franchisees is attached at **Exhibit** 4. Additional claims of the '709 patent that are infringed by the Defendants and/or their franchises currently include: '709: 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 15.

34. The infringement chart in **Exhibit** 4 is exemplary and has been prepared based on publicly available information. Discovery will likely reveal additional materials that will further inform the infringement inquiry now before the Court. Discovery in this case likely also will reveal additional instances of infringement such as may be related to additional products and the claims of the '709 patent.

35. On information and belief, Defendants have infringed the '709 patent-in-suit in violation of 35 USC § 271(b) by actively inducing distributors, customers, and/or franchisors to infringe that patent. And, without Court intervention, Defendants will continue to so infringe.

36. On information and belief, Defendant has made and continues to make (and/or have had made on their behalf) infringing products and has and continues to market the same throughout the U.S. and, in particular, in this judicial district of Virginia, USA.

37. Because of Defendants' infringement of the '709 patent, Plaintiff is entitled to no less than a reasonable royalty to be established by the Court after due and proper consideration of all relevant evidence related to the damages inquiry under the U.S. Patent Act.

38. Because of the subjectively willful nature of Defendants' infringing activities and

Defendants' reckless indifference to the rights of the Plaintiff in violation of 35 USC § 271 (a), (b) and (c) especially given Defendants' subjective knowledge of Plaintiff's patent rights and of Fitistics, LLC branded USB based docking stations without informing the USPTO of the same, Plaintiff is entitled to enhanced damages of no less than trebled damages as permitted by the U.S. Patent Act (35 USC § 1, *et. seq.*), along with attorneys fees and costs of suit.

39. Without the grant of appropriate remedies, Plaintiff and his '709 patent-in-suit and his copyrighted works will continued to be harmed and irreparably injured by the conduct of the Defendants.

## **PRAYER FOR RELIEF**

***WHEREFORE***, Plaintiff Cherdak prays for judgment and relief against Defendants as follows:

A. That this Honorable Court Declare that Defendant's unauthorized conduct violates Plaintiff's rights under common law, the Federal Copyright Act and the U.S. Patent Act;

B. That this Honorable Court immediately and permanently enjoin Defendant, its officers, directors, agents, servants, franchisees and licensees, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing any of Plaintiff's copyrighted material without consent or otherwise infringing Plaintiff's copyrights, Plaintiff's '709 patent or any other rights in any manner;

C. That this Honorable Court order Defendant to account to Plaintiffs for all gains, profits, and advantages derived by Defendant by its infringement of Plaintiff's copyrights or such damages as are proper, and since Defendants intentionally infringed plaintiff's copyrights, for the maximum allowable enhancement of damages;

D. Awarding Plaintiff's actual damages for Defendants' copyright infringement in an amount to be determined at trial;

E.  Awarding Plaintiff's actual damages for Defendants' patent infringement in an amount to be determined at trial and in no event less than a reasonable royalty;

F.  Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and under all applicable statutory provisions and rules of law; and

G.  Awarding Plaintiff all such other and further relief as is just and proper.

### DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a TRIAL BY JURY on all issues so trialable.

Respectfully submitted,

_____
Erik B. Cherdak, Plaintiff *Pro Se*
600 Cameron Street
Alexandria, Virginia 22314
(202) 330-1994
email: efunds@yahoo.com

August 28, 2013

**Exhibits List:**

| | |
|---|---|
| Exhibit 1: | U.S. Patent No. 8,118,709 to McKirdy, *et al.* |
| Exhibit 2: | U.S. Copyright Registration Certificate No. TX0007689404 |
| Exhibit 3: | U.S. Copyright Registration Certificate No. TX0007597120 |
| Exhibit 4: | Exemplary Infringement Chart *re* Claim 1 of the '709 Patent |
| Exhibit 5: | Internet Printout from the Internet Archive Wayback Machine of www.fitistics.com, Copyright © 2007 Fitistics, LLC |
| Exhibit 6: | Email Thread |
| Exhibit 7: | Email Thread |
| Exhibit 8: | U.S. Patent No. 8,167,776 to Roman, *et al.* |