UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIK B. CHERDAK, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 14-cv-10371-IT |
| | * |
| KOKO FITCLUB, LLC and KOKO FITNESS, INC., | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER

July 25, 2014

TALWANI, D.J.

I. Introduction

Plaintiff Erik Cherdak brings this action against Defendants Koko FitClub, LLC and Koko Fitness, Inc.[1] raising claims for patent and copyright infringement. Presently before the court is Cherdak's <u>Motion to Disqualify Attorneys Graves and Crenshaw and to Impute Such Disqualification to the Law Firm of Cooley LLP</u> [#57]. For the reasons set forth below, the motion is DENIED.

II. Background

Cherdak, who is proceeding pro se, alleges that he is the sole owner of Patent No. 8,118,709 (the "'709 Patent") and U.S. Copyright Registration Certificate Nos. TX0007689404 and TX0007597120. The '709 Patent and the copyrights at issue in this case pertain to devices and software for "retrieving, encrypting and storing exercise data borne from a workout regimen, and cardio-based exercise machine data onto personal content devices like and similar to USB

---

[1] For simplicity's sake, the court will refer to both entities, together, as "Koko."

based memory sticks." Am. Compl. 4 [#6]. Cherdak alleges that Koko employs devices and software that infringe his intellectual property rights at their gyms. On June 4, Cherdak filed his motion to disqualify Graves, Crenshaw, and Cooley from representing Koko in this matter, and the motion is now ripe for disposition.

This action is not the first time that Cherdak and Graves and Crenshaw have been on opposing sides of litigation. On January 15, 2013, Cherdak filed suit against Core Industries, Inc. in the Eastern District of Virginia asserting claims of copyright infringement. Graves and Crenshaw represented Core in that matter. In an attempt to resolve the dispute without litigation, Cherdak and Core agreed to mediate the case. As part of that mediation, the parties entered into an "Agreement of the Parties Regarding the Disclosure and Use of Confidential Information for Purposes of Settlement" on March 19, 2013 ("Settlement Confidentiality Agreement"). Mot. Disqualify Ex. 1 [#57-1]. The agreement stated that any information exchanged as part of settlement discussions and that Cherdak labeled as "Confidential" or "Attorneys Eyes Only" could be disclosed only to Core's counsel and experts, as well as to the mediating judge. Id. The agreement further stated that such information was not to be used for any purpose other than settlement discussions and mediation proceedings in that action. Id. In addition, the agreement stipulated that any preliminary copyright infringement contentions Cherdak disclosed in the course of settlement discussions would be inadmissible in the litigation and could not be *used* in the course of discovery. Id. The agreement also stated, however, that "to the extent that certain Settlement Confidential Information may be otherwise discoverable information or admissible as evidence, its disclosure pursuant to this Agreement shall not render it non-discoverable or inadmissible." Id. ¶ 5.

Settlement negotiations did not result in an agreement in March and the case carried on. On April 24, 2013, the court issued a Rule 16(b) Scheduling Order. The order addressed various discovery matters and ordered that no material exchanged during discovery that the parties had designated as confidential was to be disclosed to anyone other than counsel absent further court order. Mot. Disqualify Ex. 17 [#57-17]. There is no indication that any discovery ever took place. Cherdak and Core eventually reached a settlement and filed a stipulation of dismissal with prejudice on June 10, 2013.

III. Discussion

Cherdak seeks to have Graves and Crenshaw disqualified from representing Koko pursuant to Massachusetts Rule of Professional Conduct 1.7(b). Cherdak also seeks to have Cooley disqualified from representing Koko pursuant to Rule 1.10(a). The basis for Cherdak's motion is that Graves and Crenshaw allegedly received highly confidential information in the course of representing Core and that their confidentiality obligations to Cherdak create a conflict of interest that materially limits their representation of Koko in this matter.

A. Legal Standard

Attorneys appearing in this district are subject to the ethical rules promulgated by the Massachusetts Supreme Judicial Court, including the Massachusetts Rules of Professional Conduct. See L.R. 83.6(4)(B). Rule 1.7(b) states:

> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> > (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
> > (2) the client consents after consultation. . . .

3

Mass. R. Prof. C. 1.7(b). This rule governs situations in which a lawyer does not simultaneously represent clients with directly adverse interests but there is nevertheless a potential impairment of the lawyer's ability to represent his or her client due to other responsibilities or interests. A law firm is prohibited from undertaking representation of a client when any of its attorneys would be barred from doing so under Rule 1.7. Mass. R. Prof. C. 1.10(a).

Rule 1.7 is primarily concerned with protecting and ensuring a lawyer's loyalty to his or her clients. See Mass. R. Prof. C. 1.7 cmt. 1 ("Loyalty is an essential element in the lawyer's relationship to a client."); id. cmt. 4. Under Rule 1.7(b), a lawyer is ethically barred from representing a client when his or her representation would be "materially limited" by other obligations, unless the lawyer reasonably believes that representation will not be adversely affected and the client consents. Comment 4 to Rule 1.7, which elaborates on subsection (b), states that a lawyer's loyalty is impaired when he or she is unable to "consider, recommend or carry out an appropriate course of action for the client" due to other obligations. Id. cmt. 4. The focus is on whether "[t]he conflict in effect forecloses alternatives that would otherwise be available to the client." Id. The mere potential for a conflict does not prohibit representation. Instead, "[t]he critical questions are the likelihood that a conflict will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." Id.

Determining whether a conflict of interest exists that will materially limit representation is "primarily the responsibility of the lawyer undertaking the representation." Id. cmt. 15. Nevertheless, the court or an opposing party may raise the issue. Id.; see also Kevlik v. Goldstein, 724 F.3d 844, 848 (1st Cir. 1984). Courts approach motions to disqualify cautiously,

however, to ensure that such motions are not used merely as a tool to gain tactical advantage or for purposes of harassment. Mass. R. Prof. C. 1.7 cmt. 15; Eaves v. City of Worcester, No. 12-10336-TSH, 2012 WL 6196012, at *2 (D. Mass. Dec. 11, 2012). Courts generally disfavor motions to disqualify and consider them "in light of the principle that 'court[s] should not lightly interrupt the relationship between lawyer and client.'" Eaves, 2012 WL 6196012 at *2 (quoting Adrion v. Knight, No. 07-11277-RGS, 2008 WL 5111084, at *3 (D. Mass. Dec. 4, 2008)). Courts are therefore loath to order "'[d]isqualification, as a prophylactic device for protecting the attorney-client relationship, . . . except when absolutely necessary.'" Inverness Med. Switzerland GMBH v. Acon Labs., Inc., No. Civ. A. 03-11323-PBS, 2005 WL 1491233, at *4 (D. Mass. June 23, 2005) (quoting Adoption of Erica, 686 N.E.2d 967, 970 (Mass. 1997)). The movant bears the burden to prove that a conflict of interest exists and is such as to necessitate interfering with the attorney-client relationship. Eaves, 2012 WL 6196012 at *2; Steinert v. Steinert, 73 Mass. App. Ct. 287, 288 (2008).

B. Application

Here, Cherdak argues that Graves and Crenshaw—and therefore Cooley—are materially limited in their ability to represent Koko based on the duty of confidentiality they, as Core's attorneys or former attorneys, owe Cherdak pursuant to the Settlement Confidentiality Agreement and the Rule 16(b) Scheduling Order issued in the suit between Cherdak and Core.[2] He suggests that because he gave highly confidential information to Cooley during settlement negotiations, its ability to represent Koko is somehow impaired. Among other things, Cherdak claims to have turned over "preliminary infringement contentions" and "plans relating and expressly referencing the Koko Defendants' infringing products." Mem. Supp. Mot. Disqualify 4 [#57]. Cherdak's motion and supporting memorandum repeatedly refer to information exchanged

---

[2] The court hereinafter refers to Cooley and its individual attorneys as "Cooley."

5

during settlement negotiations but make no mention of any material exchanged during discovery. Accordingly, the Rule 16(b) Order is irrelevant for purposes of this motion.

As discussed above, the purpose of Rule 1.7(b) is to ensure that lawyers' loyalty to their clients is not impaired by outside obligations that foreclose their ability to consider alternatives or pursue courses of action. The vast majority of Cherdak's arguments do not address how Cooley's representation of Koko would be impaired. Instead, his arguments suggest that the reason Cherdak seeks disqualification is to prevent unfairness to himself. For example, Cherdak argues that "allow[ing] Cooley to use Plaintiff's confidential information [would be] to Plaintiff's disadvantage and harm." Id. at 9. Elsewhere, he argues that "[i]t is too tempting for Cooley to use Plaintiff's confidential information to unfairly guide discovery, to affect a settlement discourse, and to prepare witnesses and experts." Id. at 9–10. Cherdak also suggests that because the information he provided Cooley was preliminary in nature, he "should not be encumbered here or held to any positions that were not intended to be final, admissible or discoverable." Id. at 14. None of these concerns address the issue of whether Cooley's ability to represent Koko is impaired. Moreover, all of these arguments simply assume that Cooley will inevitably violate the Settlement Confidentiality Agreement.

Under the terms of the Settlement Confidentiality Agreement, Cooley is prohibited from disclosing the information to Koko. It is further prohibited from making any use of that information, including the preliminary infringement contentions, in this action. Cherdak fails, however, to identify with specificity any actions Cooley will be foreclosed from taking due to having received such information. Cherdak vaguely argues that Cooley will be foreclosed from asserting certain defenses and counterclaims in this action and undertaking "actions . . . that may otherwise be pursued in discovery, during claim construction, during settlement, [or] during

6

trial." Id. at 4. He further argues that Cooley cannot possibly discharge its duties to Koko without violating its obligations under the Settlement Confidentiality Agreement. Cherdak fails, however, to explain in any detail (1) what defenses, counterclaims, or actions Cooley is unable to assert or take on behalf of Koko and (2) *why* its duties not to disclose information obtained in the settlement negotiations and not to use the preliminary infringement contentions foreclose any such action.

The parties disagree about the relevance of the information disclosed during settlement negotiations to this action and the extent to which such information is actually confidential. This court need not delve into the precise contents of the materials Cherdak provided Core and Cooley. The concerns Cherdak has expressed about Cooley improperly using such information in this action do not address whether its representation of Koko will be impaired. Instead, Cherdak appears to be attempting to anticipatorily prevent any improper disclosures. As Cherdak himself recognizes, the appropriate remedy for such disclosures, should they occur, is a claim for breach of contract against Cooley. See id. at 9 ("Plaintiff [would be left with] no recourse against such unauthorized use and disclosure except for a claim for breach of contract against Cooley . . . .").

The mere fact that Cooley has a contractual obligation not to disclose information obtained during settlement negotiations does not mean its representation of Koko will be materially limited. The information was exchanged as part of settlement discussions and Koko has no right to have that information disclosed to it, regardless of who represents it in this action. Cooley's inability to disclose said information therefore does not foreclose any actions that would otherwise be available to Koko. Cherdak indicates that if the motion to disqualify is not granted, he intends to raise discovery disputes as to whether Cooley is making improper use of information gleaned from the settlement negotiations. See id. at 9. He thus appears to suggest

7

that with Cooley representing it, Koko will somehow be foreclosed from obtaining through discovery information that also happened to be exchanged during settlement discussions between Cherdak and Core. Cherdak fails to cite any authority for that proposition. Moreover, although the Settlement Confidentiality Agreement bars the use of information exchanged during settlement negotiations, it further states that such information that is independently obtained is not rendered non-discoverable or inadmissible. Mot. Disqualify Ex. 1 ¶ 5 [#57-1]. Thus, to the extent that such information has been or necessarily will be made public, or is information Koko will independently discover, Cherdak's arguments are further without merit.

In sum, it is Cherdak's burden to show that a conflict of interest exists that warrants overriding Koko's choice of counsel and he has failed to do so. He has not identified any arguments or courses of action that Graves and Crenshaw will be unable to undertake on Koko's behalf.[3] The motion to disqualify is therefore denied.

IV. Conclusion

For the foregoing reasons, Cherdak's <u>Motion to Disqualify Attorneys Graves and Crenshaw and to Impute Such Disqualification to the Law Firm of Cooley LLP</u> [#57] is DENIED. Having ruled on the motion to disqualify, Koko's <u>Motion to Impound Exhibits</u> [#64] is

---

[3] In his Local Rule 16.1 statement, Cherdak suggests that Graves and Crenshaw are foreclosed from making arguments relating to patent and copyright invalidity because they "know[] that such defenses are inappropriate, invalid and meritless." Pl.'s Proposed Scheduling Statement 9 [#80]. Cherdak provides no further explanation. Moreover, to the extent Cherdak is suggesting such arguments are factually or legally unsupportable, it is difficult to see how any other counsel would be permitted to make such arguments—after discovery—in light of Federal Rule of Civil Procedure 11(b).

DENIED AS MOOT. Finally, Kevin Su's Motion to Withdraw Appearance [#48] and Ahmed Davis's Motion to Withdraw Appearance [#53] are both ALLOWED.

IT IS SO ORDERED.

Date: July 25, 2014

/s/ Indira Talwani
United States District Judge