UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ERIK B. CHERDAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 14-10371-IT |
| KOKO FITCLUB, LLC and | ) | |
| KOKO FITNESS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

April 27, 2015

## Background

This matter is before the court on "Defendants Koko FitClub, LLC and Koko Fitness, Inc.'s Motion for Entry of Protective Order" (Docket No. 113). In connection with this motion, the defendants submitted a proposed order. (Docket No. 113-1). The plaintiff filed a lengthy alternative proposed order, which did not identify the areas of disagreement. (Docket No. 131 at Ex. 1). A hearing was held on March 17, 2015, at which time the plaintiff was ordered to submit a redlined copy identifying his suggested changes to the defendants' proposed protective order. (Docket No. 150). He did so on March 24, 2015 (Docket No. 153 at Ex. B), along with another brief (Docket No. 153) and a new "Proposed Supplemental Order" relating to the sealing of the transcript of the hearing on March 17, 2015. (Docket No. 153 at Ex. A). As ordered by the court at the

March 17th hearing, on March 31, 2015 the defendants filed a "Response to Plaintiff's Changes to Proposed Protective Order." (Docket No. 154). In connection therewith, the defendants filed a modified proposed Protective Order incorporating some, but not all, of the plaintiff's suggestions. (Docket No. 154 at Ex. A). On April 6, 2015, the plaintiff filed a "Suplemental [sic] Brief in Response to Defendants' Submission of a Newly Proposed Protective Order." (Docket No. 156).

After consideration of the numerous pleadings and oral argument, the Defendants' Motion for Entry of Protective Order (Docket No. 113) is ALLOWED, and this court has entered a Protective Order in the form proposed by defendants on March 31, *i.e.,* Docket No. 154 at Ex. A. Herein, the court will address what it considers to be the major issues in dispute and the reasons for adopting the defendants' version. No attempt has been made to address all of the numerous issues raised in the voluminous pleadings.

## Analysis

1. <u>Proposed Supplemental Order</u>. The court declines to enter the Proposed Supplemental Order relating to the sealing of the transcript of the hearing on March 17, 2015. (Docket No. 153 at Ex. A). In order to expedite the hearing, the court sealed the transcript so that plaintiff could pursue whatever arguments he felt were appropriate without being concerned about the absence of a formal protective order. Contrary to the plaintiff's suggestion, however, this court did not make any rulings as to the confidential nature of the "Confidential Core Order and its Exhibits." The court simply recognized that the plaintiff believed the Order and Exhibits were confidential. The transcript is

sealed and shall remain so until further order of the court. No supplemental order is necessary.

2. <u>Status of Disqualification Motions</u>. The plaintiff's repeated argument is that an extraordinary level of protection is necessary because, in his view, defense counsel has disclosed in this litigation, confidential information relating to another case. This argument formed the basis for two motions to disqualify defense counsel, which were denied by the District Judge, and is the basis for another motion to disqualify which is pending before the District Judge. The charge is denied by defense counsel. This court is not tasked with ruling on the motion to disqualify, and nothing herein shall be deemed to constitute a ruling on that motion. This court does state, however, that nothing that was disclosed during the March 17th hearing caused this court concern about defense counsel's willingness or ability to abide by the terms of the Protective Order entered herewith. Moreover, the fact that the defendants proposed a form of protective order in this case agreed to by the plaintiff in other litigation does not, based on the record presently before me, constitute a breach of any Protective Order obligations.

3. <u>Confidential Information</u>. The parties agree as to what constitutes "confidential" information and who should have access to such information. The defendants have addressed plaintiff's concerns and have made it clear that he (the plaintiff) has access to such "confidential" information.

4. <u>Confidential - Attorneys' Eyes Only</u>. A complicating factor in determining the appropriate levels of protection in the instant case is the fact that the plaintiff, himself,

is a competitor of the defendants, and the fact that the plaintiff has elected to proceed *pro se*, even though he is not presently a member in good standing of any Bar, and is not admitted to practice before any court. Therefore, as the defendants have noted, he is not subject to the same ethical rules and obligations as practicing attorneys.

The parties disagree as to who should have access to highly confidential documents designated "confidential - attorneys' eyes only." Defendants propose that only outside counsel and experts have access to such information. Since plaintiff does not have an outside counsel, this designation would limit the dissemination of such documents to outside experts for the plaintiff. Plaintiff proposes that he be given access to such information, which would be designated "confidential – outside attorneys' & plaintiff's eyes only." (Proposed Protective Order ¶ 9).

Plaintiff has already submitted declarations from outside experts to support his infringement contentions in this action. (Docket No. 105). His damages experts would be given access to highly confidential financial data under the defendants' proposed order. Under such circumstances and in light of the plaintiff's status as the defendants' competitor, this court finds that there is no present need for the plaintiff to have access to all of the defendants' highly confidential information. In the event the plaintiff believes that he should have access to documents identified as "attorneys' eyes only" on which his experts intend to rely (both affirmatively and/or in order to challenge defendants' experts), he may seek leave of court to view such documents on a document by document basis. (See Protective Order ¶ 20 ("Nothing in this Order abridges the right of any person

to seek its modification by the Court in the future."). Obviously, nothing herein prevents plaintiff from retaining the services of an outside attorney to help him prepare his case. However, in light of plaintiff's own concerns that the defendants themselves should not have access to the plaintiff's highly confidential information because they are his direct competitors, it would be inequitable to allow him access to the highly confidential information belonging to the defendants because he elected to proceed *pro se.*[1]

    5.    <u>Outside Experts' Eyes Only</u>. Both sides agree that Source Code should be given special protection, and that will be discussed below. The plaintiff seeks to add special protection to licensing Orders and any correspondence related thereto, and technology related information, including patent applications, technical specifications, and schematic diagrams. Thus, he proposes that these materials be limited to outside expert's eyes only, and has proposed a procedure whereby the information is only referred to by pseudonym. (<u>See</u> Proposed Protective Order ¶ 10). This court is not persuaded that this information is entitled to protection greater than being limited to outside counsel and experts. Presumably the information will be relevant, or the plaintiff will decline to produce it and its relevancy can be determined in the context of a motion to compel. Assuming that it is relevant, the plaintiff has not convinced this court that the traditional limitation to outside counsel and experts is not sufficient. <u>See</u> <u>Cordis Corp. v.</u>

---

[1] This court recognizes that it may be appropriate to review this designation closer to the time of depositions and/or trial, when plaintiff's need for familiarity with at least some of these documents may be clearer.

SciMed Life Sys., Inc., 982 F. Supp. 1358, 1364 (D. Minn. 1997) (information "contained in related, pending and abandoned patent applications, can have relevance to the proper construction of the claims of a patent-in-suit[,]" and "competing interests of confidentiality and relevancy can here be harmonized by initially restricting access to the materials . . . to the Defendant's outside litigation counsel of Record, and to those outside experts who are retained by outside counsel, and who agree to maintain, inviolate, the confidential status of those materials.").

  6.  Source Code. All parties agree that Source Code is entitled to additional protection. (Proposed Protective Order ¶ 11). As an initial matter, the plaintiff has proposed that disclosure of Source Code be limited to outside experts only, and that the defendants' outside counsel be denied access. As detailed in the preceding paragraph, however, the plaintiff has not convinced this court that outside counsel should be excluded since they, unlike the plaintiff, are not direct competitors of the opposing party.

  The defendants have modified their proposed order and agreed to the plaintiff's suggestion that the Source Code be made available in outside counsel's office closest to the plaintiff's business address. Therefore, it will be available in the Reston, Virginia office of Cooley.

  The parties agree that the party reviewing the Source Code "may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report)." (Proposed Protective Order ¶ 11(v). They further agree that "[t]he Receiving Party shall not print Source Code in

order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing the Source Code electronically on the Source Code Computer[.]" (Id.). The defendants proposed further that printing shall be limited to 25 pages of a continuous block of Source Code unless the Receiving Party meets its burden of demonstrating the need for additional pages. (Id.). While the plaintiff has stricken this page limit, this court finds it reasonable. It sets a presumptive limit while allowing the Receiving Party to prove that it needs more. The page limit is appropriately included.

Finally, the plaintiff has stricken the defendants' proposal that printed copies of Source Code be kept in a locked room or cabinet. This provision seems very practical and will be included in the Order entered by this court.

7. <u>Patent Prosecution Bar</u>. While the parties agree that some patent prosecution bar is appropriate, again they differ as to scope. The plaintiff seeks to apply a bar retroactively in light of defense counsels' alleged admission to having used and disclosed confidential information. This allegation is the same one as has formed the basis of his motions to disqualify, which have repeatedly been denied. Therefore, this court sees no basis to seek to apply a patent prosecution bar retroactively. Moreover, this court has reviewed the scope of the patent prosecution bar proposed by the defendants and finds the 3 year period, and limitation to the subject matter of this litigation, to be appropriate.

8. <u>Non-Discoverable Material</u>. The plaintiff has proposed a new category of documents, which he calls "non-discoverable material," and which he defines as "any materials contemplated by this Court's Order at ECF 86 in this action[,]" including, in his

7

view, "a certain Confidential Settlement & Non-Exclusive License Order a.k.a. the 'Confidential Core Order'" as well as "any material covered by the 'Settlement Protective Order.'" (Proposed Protective Order ¶ 2(i)). In this court's view, the plaintiff's reading of the District Judge's Order is too broad. For example, but without limitation, as Judge Talwani noted in her Memorandum and Order of July 25, 2014, denying plaintiff's motion to disqualify (Docket No. 86), "although the Settlement Protective Order bars the use of information exchanged during settlement negotiations, it further states that such information that is independently obtained is not rendered non-discoverable or inadmissible." (Docket No. 86 at 8). Thus, the District Judge has not made a ruling as to the appropriate use of any specific information obtained in prior litigation. While it may be appropriate for the plaintiff to seek a ruling as to the appropriate use of specific information he contends is "non-discoverable," it is not appropriate to include the plaintiff's definition in the Protective Order entered by this court.

9. <u>Notice of Disclosure</u>. In this court's view, the defendants' proposal that the Party seeking to disclose Protected Information shall, at that time, notify the Producing Party of the identity of the person to whom the information is going to be disclosed, is appropriate. (<u>See</u> Proposed Protective Order at ¶ 12(a)). There is no reason to modify this procedure, as the plaintiff proposes, to require disclosure at the time the party "receives" the Protected Material.

10. <u>Filing of Protected Material</u>. In ¶ 15 of the Proposed Protective Order, the parties address the filing of confidential information with the court. The plaintiff

proposes that "Protected Material may only be filed in the Court under seal" while the defendants' proposal requires a party seeking to file any level of confidential information to seek court approval and comply with L.R. 7.2. Since blanket sealing orders are disfavored, this court finds the defendants' proposal more appropriate.

11. <u>Inadvertent Failure to Designate</u>. In ¶ 17(c) of the Proposed Protective Order, the defendants propose that the patent prosecution bar not apply if persons received Protected Material, which was inappropriately not designated confidential attorneys' eyes only. The plaintiff objects to this provision. However, the defendants provide further that the Protective designations "shall apply on a going forward basis," so persons who keep the subsequently designated materials that fall within the patent prosecution bar standards of ¶ 6(b) would be subject to the patent prosecution bar. The defendants' provision would prevent the situation where a person innocently viewed materials not designated as highly confidential, only to be unwillingly subjected to a patent prosecution bar when the designation of the material changed. The defendants' proposal is a practical one and will be included in the Protective Order.

12. <u>Work Product Privilege</u>. The plaintiff is seeking to add to ¶ 20(b) the provision that "Plaintiff shall be entitled to rely on the work product privilege and work product doctrine to same extent as Defendants and Defense Counsel." The defendants object to this provision. Plaintiff is not, to this court's knowledge, a practicing attorney or a member in good standing of any Bar. Nevertheless, the work product doctrine has been extended to non-attorneys in certain circumstances. <u>See</u> <u>In re Grand Jury Subpoena</u>,

220 F.R.D. 130, 141-142 & n.6 (D. Mass. 2004). However, a Protective Order is not the appropriate place to resolve this dispute. In the event that the plaintiff wants to claim this privilege, the matter should be decided upon the filing and briefing of an appropriate motion.

## **Conclusion**

For the reasons detailed herein, the Defendants' Motion for Entry of Protective Order (Docket No. 113) is ALLOWED. The court has on this date entered the Protective Order in the form proposed by the defendants as Docket No. 154 at Ex. A.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge